IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

___Vingai Carter___

_____

_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

New York City Police DePT.
63rd Precinct - 1844 BrooKlyn Ave.
BKlyn, N.Y. 11210

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☐ Yes    ☐ No
*(check one)*



RECEIVED
MAR 21 2025
PRO SE OFFICE

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Vingal Carter |
| Street Address | Brooklyn (Kings County) |
| City and County | 525 Rockaway Pkwy. - Apt. A2 |
| State and Zip Code | Bklyn, N.Y. 11212 |
| Telephone Number | 929-756-7706 |
| E-mail Address | |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | John Doe 1 |
| Job or Title (if known) | |
| Street Address | 1844 Brooklyn Ave. - 63rd Pct. |
| City and County | Bklyn (Kings County) |
| State and Zip Code | New York 11210 |
| Telephone Number | |
| E-mail Address (if known) | |

2

Defendant No. 2

Name          John Doe 2

Job or Title
(if known)

Street Address    1844 Brooklyn Ave. - 63rd Pct.

City and County   BKLYN (KINGS County)

State and Zip Code  New York 11210

Telephone Number

E-mail Address
(if known)

Defendant No. 3

Name

Job or Title
(if known)

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address
(if known)

Defendant No. 4

Name

Job or Title
(if known)

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address
(if known)

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☑    State or local officials (a § 1983 claim)

☐    Federal officials (a *Bivens* claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Violation of my 8th Amendment Cruel and unusual punishment

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The officers violated my 8th Amendment on 7/10/24 when I was arrested.

4

### III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

In front of my home at 525 Rockaway PKWY, BKLYN, N.Y. 11212.

B.   What date and approximate time did the events giving rise to your claim(s) occur?

July 10, 2024 about 6:00AM in the morning.

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

John Doe 1 + John Doe 2 never read me my rights and I was beaten + taken to the precinct by the officers. I was beaten in front of my home. When the officers knocked on my door I opened the door + both officers pushed me face down on the ground + I lost consciousness from punching me + stomping me. Someone had held my head down and I asked for medical attention but they took me straight to the precinct. The officers said if they take me to the hospital they will keep me for a week. I was scared so I agreed to go to the precinct instead and was not given any medical attention despite my crying + asking for help.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Because of the way the officers beat me up I had lower back injury that made it impossible to walk without pain. I also had a neck and knee injury. When I finally got to the hospital they bandaged me up took X-Rays of my back & gave me pain medication they also refered me to physical therapy 2 x a week. I also had a nervous breakdown from the emotional trauma from being beaten by officers, I still see a pyschiatrist + take medication.

## V.    Relief

State briefly what you want the court to do for you.  Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Take into considuration everything that they did to me and my inability to work. I'm asking for $175,000.00 to cover my medical, and living costs now that I'm unable to work as well as my pain + suffering. Also I want officers to face disciplinary action.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

6

**A.** **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _March 18_, 20_25_.

Signature of Plaintiff _____

Printed Name of Plaintiff _VinGAl Carter_____

7

Certificate # H-000000062-N    Page 1 of 2

# KINGS CRIMINAL COURT

120 Schermerhorn St., Brooklyn, NY 11201

Phone: (646) 386-4500  Fax: (718) 643-7733

Court ORI: NY023033J

**NO FEE**

Non-Public
Version

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 2 1 2025  ★

RECEIVED
MAR 2 1 2025
PRO SE OFFICE

SEALED
pursuant to Section 160.50 of the CP

The People of the State of New York
vs.
**Vingal Carter**

**Certificate of Disposition**
Docket Number: CR-028810-24KN
BROOKLYN OFFICE

CJTN:     70779726H
NYSID:    06484514Z

**Defendant DOB:  12/05/1961**          Arrest Date: **07/10/2024**     Arraignment Date: **07/11/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Kings Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 155.30 01 EF Gr Lar 4:Value Property >$1000 **SEALED 160.50** | EF | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f), Sealed 160.50) | 12/17/2024 |
| 2 | PL 165.45 01 EF Cpsp-4th:Property Val >$1000 **SEALED 160.50** | EF | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f), Sealed 160.50) | 12/17/2024 |
| 3 | PL 155.25 AM Petit Larceny **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f), Sealed 160.50) | 12/17/2024 |
| 4 | PL 165.40 AM Crim Possession Stoln Prop-5th **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f), Sealed 160.50) | 12/17/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated:  **December 26, 2024**          _____
                                        **Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition—are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]
Charges may not be the same as the original arrest charges.

From Vingal Carter
525 Rockway Parkway
Apt A2
Brooklyn NY 11212

Retail

U.S. POSTAGE PAID
FCM LG ENV
BROOKLYN, NY 11212
MAR 18, 2025

UNITED STATES
POSTAL SERVICE ®

11201        $2.31

RDC 99        S2324N501045-14

USMS

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 2 1 2025   ★

BROOKLYN OFFICE

To United States District court

Eastern District Court
Eastern District NY NY
225 Cadman Plaza Post
Brooklyn